UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

| | |
|---|---|
| LAVANCE GREENE,<br><br>    Petitioner,<br><br>V.<br><br>MICHAEL SEPANEK, Warden,<br><br>    Respondent. | Civil No. 7: 16-31-KKC<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

In 1971, Randolph Greene was serving a 20-year sentence for armed bank robbery in the District of Columbia. His father died in September of that year, and his mother sought and obtained permission for Randolph to attend the funeral. Randolph was escorted by four armed federal marshals to the crowded church.

But Lavance Greene[1], the petitioner in this case, saw this solemn occasion as a chance to break his half-brother Randolph out of jail. He disarmed the four marshals, released his brother, shot one pursuing marshal to death, and then commandeered a vehicle at gunpoint. But local police gave chase and the pair surrendered after a high-speed pursuit.

Randolph was convicted of escape; Lavance was convicted of four counts of armed robbery and felony murder (all D.C. Code offenses), as well as rescue of a federal prisoner and premeditated murder of a federal officer (two federal crimes). On appeal, the District of Columbia Circuit Court of Appeals affirmed Lavance's convictions under the D.C. Code. But the court found

---

[1] Petitioner identifies himself as "Lavance Greene-Bey," but the Bureau of Prisons identifies him as "Lavance Greene" in its online Inmate Locator database, the name under which he was prosecuted. See https://www.bop.gov/inmateloc/; *United States v. Greene*, 489 F. 2d 1145 (D.C. Cir. 1973). To maintain consistency in the Court's records, the Clerk of the Court will identify him by that name, with "Lavance Greene-Bey" as an alternative designation.

troubling the application of disparate standards for assertion of an insanity defense to state and federal offenses, and chose to avoid a constitutional question by vacating Lavance's convictions for the two federal offenses. *Greene*, 489 F. 2d at 1147, 1156-58; see also *United States v. Greene*, 834 F. 2d 1067 (D.C. Cir. 1987).

At that point, Lavance Greene stood sentenced to 15 years to life imprisonment on both of the armed robbery charges, the sentences to run concurrently with one another, and to 20 years to life on the felony murder charges, to run consecutively to the sentences for the armed robbery, for a total sentence of 35 years to life. [R. 1-1 at 5-6]

In his petition,[2] Greene argues that the trial court lacked the authority to run his felony murder sentence consecutively to his armed robbery sentences because in 1998, more than twenty years after he was convicted, the D.C. Code provisions cited in the grand jury indictments for that authority were repealed and recodified by Congress. He also asserts that the failure to state the statutory basis for imposing consecutive sentences in the judgment itself renders both his sentences and his underlying convictions invalid. [R. 1 at 10-11] He also asserts without explanation that *Johnson v. United States*, __ U.S. __, 135 S.Ct. 2551 (2015) somehow "declared" the D.C. statutes that criminalized his conduct unconstitutional. [R. 1 at 11-12]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). However, Greene may not challenge his D.C. Code convictions and sentences pursuant to 28 U.S.C. § 2241 in this instance. Greene's federal convictions were vacated on appeal, and he challenges only his D.C. Code convictions. The District of Columbia is not a state, and hence he may not seek habeas

---

[2] Greene identified former U.S. Attorney General Loretta Lynch as a second respondent to his petition, but only the warden of the facility where the petitioner is confined is the proper respondent. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). The Clerk will therefore remove Attorney General Lynch as a respondent in this proceeding.

2

relief under 28 U.S.C. § 2254. Rather, he must challenge his convictions in the Superior Court for the District of Columbia utilizing the District's own mechanism for collateral attacks, D.C. Code § 23-110. That statute, which is modeled after 28 U.S.C. § 2255, provides a mechanism for post-conviction motions by prisoners convicted of D.C. Code offenses. *Swain v. Pressley*, 430 U.S. 372, 376-78 (1977); *Palmore v. United States*, 411 U.S. 389, 395 (1973). Greene must therefore seek relief under that provision in the Superior Court for the District of Columbia. *Ford v. Wiley*, 168 F. App'x 877, 880 (11th Cir. 2006) ("[f]ederal courts ... are generally without jurisdiction to entertain motions to vacate, set aside, or correct a sentence imposed by the D.C. Superior Court.").

Section 23-110 does contain a "savings clause" that is nearly identical to the one found in Section 2255:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by the Superior Court or by any Federal or State court if it appears that the applicant has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code § 23-110(g). Thus, to pursue his claims in this Court, Greene must demonstrate that his remedy under Section 23-110 is "inadequate or ineffective" to challenge his D.C. Code convictions. *Rogers v. Zuercher*, No. 09-03-ART, 2009 WL 499118, at *2 (E.D. Ky. Feb. 27, 2009) (citing *Blair-Bey v. Quick*, 151 F.3d 1036, 1042-43 (D.C. Cir. 1998)); *Perkins v. Henderson*, 881 F. Supp. 55, 57 (D.D.C. 1995).

Here, Greene cannot invoke Section 2241 to seek habeas relief. Section 23-110 is not an inadequate or ineffective mechanism to challenge prior convictions simply because a petitioner has been denied relief under it. *Wilson v. Office of the Chairperson*, 892 F. Supp. 277, 280 (D.D.C. 1995). And that remedy is not unavailable merely because Greene has never sought relief based on his present claims under that provision at all. *Totten v. Ives*, No. 12-23-GFVT, 2012 WL

3

1409667, at *1 (E.D. Ky. Apr.23, 2012) (citing *James v. Edwards*, 1989 WL 4972, at *1 (D.D.C. 1989) ("[P]etitioner's claim of ineffective assistance must be dismissed because petitioner has not raised this claim in the local courts.")).

Nor does Greene assert that he is "actually innocent" of his offenses on the ground that after his convictions became final, the Supreme Court re-interpreted the substantive terms of the criminal statutes under which he was convicted in a manner that establishes that his conduct did not violate the statutes. *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012); *Hayes v. Holland*, 473 F. App'x 501, 501-02 (6th Cir. 2012) ("To date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255."). Instead, Greene argues that his convictions are void because the grand jury indictments and criminal judgment did not cite valid authority for imposing consecutive sentences. Those claims are, if anything, claims of ordinary trial error that could and must have been raised on direct appeal or in an initial motion for collateral review, and hence fail to open the gateway to federal habeas review in this proceeding. Cf. *James v. Warden, FCI El Reno, Okla.*, No. CIV 13-641-HE, 2014 WL 1330015, at *5 (W.D. Okl. March 12, 2014) (habeas claim that trial court should have run sentences concurrently rather than consecutively is challenge to validity of sentence that must be pursued under Section 2255, not Section 2241) (collecting cases).

Finally, while Greene refers to the *Johnson* decision as a basis for relief, the Supreme Court has declared that decision to be retroactively applicable to cases on collateral review, *Welch v. United States*, __ U.S. __ 136 S. Ct. 1257 (2016), and hence his remedy under Section 23-110 is not inadequate and ineffective to assert a claim under it. Cf. *Woodson v. Meeks*, No. 0:15-4209-

4

BHH, 2016 WL 8669184, at *1 (D.S.C. Oct. 14, 2016); *Lewis v. Butler*, No. 16-135-DLB, 2016 WL 4942005, at *2-3 (E.D. Ky. Sept. 14, 2016).

Accordingly, **IT IS ORDERED** that:

1. The Clerk of the Court shall **MODIFY** the docket to identify the petitioner as Lavance Greene, with "Lavance Greene-Bey" as an alternative designation.

2. The Clerk of the Court shall **REMOVE** former United States Attorney General Loretta Lynch as a respondent in this proceeding.

3. Lavance Greene's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

4. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

5. Judgment shall be entered contemporaneously with this Order.

Dated June 5, 2017.

*signature*

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY